UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SCOTTSDALE INSURANCE COMPANY

                Plaintiff,

v.                                          **COMPLAINT**

JIAN LI CONSTRUCTION, INC.          Civ. Action No:   1:18-cv-1744

                Defendant.

---

        Plaintiff, Scottsdale Insurance Company ("Scottsdale" or the "Company" or "Plaintiff"), by its attorneys, Goldberg Segalla LLP, as and for its complaint alleges:

        1.     That at all times hereinafter mentioned, plaintiff, Scottsdale is a foreign corporation engaged in insurance business in the State of New York.

        2.     Upon information and belief, Defendant, Jian Li Construction, Inc. is a domestic business corporation authorized to conduct business in New York.

### JURISDICTION AND VENUE

        3.     Scottsdale is a corporation existing under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

        4.     Upon information and belief, he Defendant maintained a principal place of business at 37-07 Main Street in Flushing, New York.

        5.     Therefore, federal jurisdiction exists by virtue of the diversity of citizenship between parties pursuant to 28 U.S.C. §1332.

        6.     Venue is proper in the District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. 1391(b)(2) as the defendant is a resident of the

Eastern District of New York and/or a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## PROCEDURAL HISTORY

7. On or about April 17, 2017, The Church of Grace to Fujianese, Inc. ("the Church of Grave") commenced an action in the Supreme Court, State of New York, County of New York, against a group of companies for a myriad of construction defects related to a building located at 94-43 Corona Avenue, Corona, NY (the "Building"), under Index Number 652041/2017. **(Exhibit A)**[1]

8. The Underlying Complaint alleges that plaintiff Church of Grace entered into a contract with Jian Lin for the construction of a church at 94-43 Corona Avenue location.

9. As against Jian LI the Underlying Complaint alleges that Jian Li was negligent and grossly negligent in the construction of the Building, and that it breached its duty of care to the Church of Grace.

10. There are other various allegations in the Underlying Complaint relating to violation of New York City building codes.

*Insurance Policies*

11. Scottsdale issued a Commercial General Liability insurance policies, to Jian Li, Policy No.: CPS2038297 which was in in effect from July 14, 2014 to July 14, 2015.

12. Jian Li was performing demolition work on the site in either 2015 or 2016.

13. The policies of insurance issued by Scottsdale that are potentially triggered are Policies number CLS1157837 effective from 07/09/2005 to 07/09/2006 and CLS1290970 effective, 07/09/2006 to 07/09/2007 (the "Policies"). **(Exhibit B)**

---

[1] (Exhibit A) denotes exhibits annexed hereto.

## JIAN LI BECOMES NON-COOPERATIVE

14. The Company repeats and realleges each and every allegation in paragraphs "1" through "13" herein as if fully set forth at length.

15. From the time Scottsdale first received notice of this claim, Jian Li has not cooperated with respect to Scottsdale's investigation.

16. Scottsdale made several attempts to gain the cooperation of Jian Li by sending letters and including letters dated February 1, 2016, May 4, 2016 and June 14, 2017 to no avail.

17. Despite repeated requests, Jian Li has not responded to numerous requests for information and/or documents.

18. Upon information, Jian Li has dissolved and its principal has left the country.

19. Jian Li's willful and avowed failure to cooperate in the defense of the underlying actions has prejudiced Scottsdale.

## FIRST CAUSE OF ACTION
### (Breach of Duty to Cooperate)

20. The Company repeats and realleges each and every allegation in paragraphs "1" through "19" herein as if fully set forth at length.

21. Section IV – Commercial General Liability Condition 2.c. of the Scottsdale policy requires the insured to perform "Duties In The Event Of Occurrence, Offense, Claim Or Suit", including, but not limited to, an obligation to "Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

22. It is a condition precedent to an insurer's obligation to provide insurance in accordance with a liability insurance policy for its insured to cooperate with Scottsdale in the defense of the underlying action including appearance at a deposition.

23. Non-cooperation by an insured, including the willful refusal by the insured to appear at a party deposition, is a direct breach of the Scottsdale policy issued to Jian Li.

24. On February 2, 2018, Scottsdale formally disclaimed coverage by letter to Jian Li with respect to the Underlying Complaint on the ground of the insured's non-cooperation with the underlying defense. (**Exhibit "C"**).

25. There is a justiciable controversy existing between the Plaintiff and Defendant with regard to Plaintiff's obligation under the Scottsdale Policy.

26. Scottsdale has no other adequate remedy at law.

27. By reason of the foregoing, Scottsdale has no further duty to defend, and no duty to indemnify, Jian Li in the underlying action.

28. Scottsdale is entitled to a declaration that it has no duty to defend or indemnify Lian Li in the underlying action owing to the breach of its duty to cooperate in its defense.

## SECOND CAUSE OF ACTION
### (Lack of an "Occurrence")

29. The Company repeats and realleges each and every allegation in paragraphs "1" through "28" herein as if fully set forth at length

30. Both Policies provide coverage for "bodily injury" or "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence."

31. The Policies provide Jian Li coverage, subject to certain limitations, for bodily injury or property damage arising from an "occurrence." The Policies provide as follows:

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (3) The "bodily injury" or "property damage" occurs during the policy period;

...

**DEFINITIONS**

...

      13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

32. The Underlying Complaint does not allege "property damage" caused by an "occurrence" as the lawsuit seeks damages for replacement and/or repair of Jian Li own work product.

33. Moreover, the Underlying Third-Party Complaint against Jian Li does not allege any claims for "property damage" caused by an "occurrence" as the only claims for breach of contract.

34. Damage to one's own work product requiring replacement or repair does not constitute an "occurrence" under the Policies.

35. Breach of contract does not constitute "occurrences" under the Policies.

36. Accordingly, Scottsdale is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Third-Party Complaint.

**THIRD CAUSE OF ACTION**
**(Lack of "Property Damage")**

37. The Company repeats and realleges each and every allegation in paragraphs "1" through "36" herein as if fully set forth at length.

38. The Policies provide Jian Li coverage, subject to certain limitations, for "property damage." The Policies provide as follows:

    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it...

39. The Underlying Complaint alleges that Jian Li engaged in construction during 2015-2016. To the extent these activities did not take place during the Scottsdale policy period, any alleged property damage did not occur during the policy period.

40. Damage to one's own work and work product requiring replacement or repair does not constitute "property damage" as defined by the Policies.

41. Breach of contract, breach of warranty and failure to procure insurance do not constitute "property damage" under the Policies.

42. Accordingly, the Company is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Third-Party Complaint.

## FOURTH CAUSE OF ACTION
### (Contractual Liability Exclusion)

43. The Company repeats and realleges each and every allegation in paragraphs "1" through "42" herein as if fully set forth at length.

44. The Policies provide coverage to Jian Li, subject to certain limitations and exclusions.

45. The Policies contain an exclusion regarding contractual liability which provides:

...

**2. Exclusions**

This insurance does not apply to:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph 9. of the Definitions Section is replaced by the following:

9. "Insured contract" means: . . .

> f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>
> Paragraph f. does not include that part of any contract or agreement: . . .
>
>> (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
>>
>>> (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

  (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

46. The Plaintiff in the Underlying Action has essentially alleged that Jian Li breached its contract with plaintiff.

47. Pursuant to the terms of the Policies, there is no coverage for damages which the insured is obligated to pay by reason of the assumption of liability in a contract or agreement.

48. Moreover, the insured contract exclusion bars coverage under the Policies since any contract that might exist to which Jian Li is a party for this particular job would not qualify as an "insured contract."

49. Accordingly, the Company is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Third-Party Complaint based on contractual liability.

### FIFTH CAUSE OF ACTION
### ("Your Work" Exclusion)

50. The Company repeats and realleges each and every allegation in paragraphs "1" through "49" herein as if fully set forth at length.

51. The Policies provide coverage to Jian Li, subject to certain limitations and exclusions.

52. The Policies contain an exclusion regarding damage to the insured's work which provides:

  j. Damage To Property

"Property damage" to: . . .

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations.

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it . . .

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

53. The term "your work" is defined as follows:

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

54. Although plaintiff in the underlying action has not specifically alleged the manner in which Jian Li's work was deficient, the crux of the Underlying Complaint alleges construction defect and seeks payment for repair and replacement of allegedly defective work that was incorrectly performed.

55. Damage to one's own work, defective work or work incorrectly performed is barred from coverage by Exclusion j. (5) and (6) of the Policies.

56. Accordingly, the Company is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Third-Party Complaint.

## SIXTH CAUSE OF ACTION
### ("Your Work, "Property Completed" Exclusion)

57. The Company repeats and realleges each and every allegation in paragraphs "1" through "56" herein as if fully set forth at length.

58. The Policies provide coverage to Jian Li, subject to certain limitations and exclusions.

59. The Policies contain an exclusion regarding damage to the insured's work which provides:

> l. Damage To Your Work
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

60. Although no party has identified any aspect of Jian Li's work that was incorrectly performed, the crux of the Underlying Complaint alleges construction defect and seeks payment for repair and replacement of allegedly defective work that was incorrectly performed.

61. Damage to one's own work or arising out of any part of it is barred by Exclusion (l.) of the Policies.

62. To the extent it could be argued that an insufficiency in Jian Li's work contributed to any construction defects, coverage is barred under Exclusion (l.).

63. Accordingly, the Company is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Third-Party Complaint.

## SEVENTH CAUSE OF ACTION
### (Damage to "Impaired Property")

64. The Company repeats and realleges each and every allegation in paragraphs "1" through "63" herein as if fully set forth at length.

65. The Policies provide coverage to Jian Li, subject to certain limitations and exclusions.

66. The Policies contain an exclusion regarding damage to the insured's work which provides:

> m.  Damage To Impaired Property Or Property Not Physically Injured
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

67. Although no party has identified any aspect of Jian Li's work that was incorrectly performed, the crux of the Underlying Complaint alleges construction defect and seeks payment for repair and replacement of allegedly defective work that was incorrectly performed.

68. Damage to one's own work or arising out of any part of it is barred by Exclusion (m.).

69. To the extent it could be argued that an insufficiency in Jian Li's work contributed to any construction defects, coverage is barred under Exclusion m.

70. Accordingly, the Company is entitled to a declaration that it is not obligated to defend or indemnify Jian Li in the Underlying Complaint.

## EIGHTH CAUSE OF ACTION
### (Professional Services Exclusion)

71. The Company repeats and realleges each and every allegation in paragraphs "1" through "70" herein as if fully set forth at length.

72. The Scottsdale policy contains an exclusion entitled Exclusion – Contractors – Professional Liability, which reads as follows:

## EXCLUSION - CONTRACTORS –
## PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I — Coverage — Personal And Advertising Injury Liability:**

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

    a. Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

    b. Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage",

or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.

2. Subject to Paragraph 3. below, professional services include:

   a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

73. The Professional Services exclusion eliminates coverage for property damage arising out of the rendering or failure to render professional services.

74. To the extent the underlying action alleges damages that arise from rendering or failing to render professional services as to term is defined, there is no coverage under the Scottsdale policy.

75. Accordingly, Scottsdale is entitled to a declaration that it has no duty to defend or indemnify Jian Li in connection with damage excluded under the Professional Services exclusion.

<b>NINTH CAUSE OF ACTION<br>(EARTH OR LAND MOVEMENT)</b>

76. The Company repeats and realleges each and every allegation in paragraphs "1" through "75" herein as if fully set forth at length.

77. The Scottsdale policy contains an exclusion entitled, "Earth or Land Movement Exclusion", which provides that the Policy does not insure claims of property caused directly or indirectly or in whole or in part, by the movement, in any direction, of earth or land. The

exclusion applies regardless of the cause or source of the earth or land movement, whether from natural or man-made forces or causes.

78. The Earth or Land Movement Exclusion describes earth or land movement to include subsidence, settling, sinking, rising, slipping, falling away, caving in, shifting, expanding, contracting, dissolving, eroding, mudflow, sliding, tilting or land or earth, earthquakes, volcanic eruption and weather.

79. The underlying action claims earth or land movement at the property of underlying plaintiffs as a cause of their alleged property damage.

80. To the extent the underlying action alleges damages that arise out of earth or land movement, such damage is excluded by the "Earth or Land Movement Exclusion," and there is no coverage under the Scottsdale policy.

81. Scottsdale has no duty to pay damages or provide a defense in connection with any suit alleging property damage to which the Policy does not apply.

82. Accordingly, Scottsdale is entitled to a declaration that it has no duty to defend or indemnify Jian Li connection with damage excluded under the "Earth or Land Movement Exclusion in the Scottsdale Policy.

**WHEREFORE**, plaintiff, Scottsdale Insurance Company prays for judgment as follows:

(1) On the First Cause of Action through the Ninth Cause of Action, a declaration that Jian Li has breached material obligations owed to Scottsdale Insurance Company; and, as a result, Scottsdale Insurance Company has no duty to defend and/or indemnify Jian Li, in connection with the consolidated underlying lawsuit entitled The Church of Grave to Fujianese, Inc. v. Jian Li Structure, Inc., Sing Yee Construction LLC, John Doe Companies 1-10 (being

fictitious names) and John Does 1-25, (Index Number 652041/2017), in the Supreme Court of the State of New York, New York County);

(2) On the First Cause of Action through the Ninth Causes of Action, a declaration that Scottsdale Insurance Company has no duty or obligation to defend or indemnify Jian Li in connection with the underlying lawsuit entitled The Church of Grave to Fujianese, Inc. v. Jian Li Structure, Inc., Sing Yee Construction LLC, John Doe Companies 1-10 (being fictitious names) and John Does 1-25, (Index Number 652041/2017), in the Supreme Court of the State of New York, New York County); and

(3) Scottsdale Insurance Company additionally seeks a determination and declaration that Scottsdale Insurance Company owes no further duties to Jian Li and shall be immediately relieved from any further obligation for the defense of the underlying action entitled The Church of Grave to Fujianese, Inc. v. Jian Li Structure, Inc., Sing Yee Construction LLC, John Doe Companies 1-10 (being fictitious names) and John Does 1-25, (Index Number 652041/2017), in the Supreme Court of the State of New York, New York County); and such declaration shall be sufficient to enable defense counsel to withdraw from such defense without further order of the Court; and

(4) That Scottsdale Insurance Company be awarded such other, further and different relief as this Honorable Court may deem just, proper and equitable.

Dated: March 21, 2018
Buffalo, New York

GOLDBERG SEGALLA LLP

_____
Sharon Angelino, Esq.

Attorneys for Plaintiff,
Scottsdale Insurance Company
665 Main Street
Buffalo, New York 14203
(716) 566-5454

TO: JIAN LI CONSTRUCTION, INC.
125 Allen Street, Suite 4A
New York, New York 10002

and

37-07 Main Street, First Floor
Flushing, New York 11354

8330677.1