UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SCOTTSDALE INSURANCE COMPANY

                            Plaintiffs,            **REPORT AND RECOMMENDATION**

       -against-                                    18-CV-1744-PKC-SJB

JIAN LI STRUCTURE, INC.,

                            Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      This is an insurance coverage action brought by Scottsdale Insurance Company ("Scottsdale") seeking a declaratory judgment that it has no obligation to indemnify one of its insureds, a now-dissolved corporation, Jian Li Structure, Inc. ("Jian Li Structure"), in connection with a closed state court case arising from Jian Li Structure's alleged faulty construction work. Jian Li Structure has failed to respond, and the Clerk of Court has entered a certificate of default. Scottsdale filed a motion for default judgment, and the Honorable Pamela K. Chen referred the motion for a report and recommendation. Because there is no live case or controversy regarding the indemnification obligations under Scottsdale's insurance policy, it is respectfully recommended that the motion be denied, and the Third Amended Complaint be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

      Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Arizona. (Third Am. Compl. dated Jan. 30, 2019 ("TAC"), Dkt. No. 27 ¶ 4). Jian Li Structure is a New York corporation with its principal place of business in New York. (*Id.* ¶¶ 2, 5). The Church of Grace to Fujianese, Inc. ("Church of Grace") is a religious organization with its principal place of business in New York. (*Id.* ¶¶ 3, 5).

Scottsdale issued a Commercial General Liability Policy, number CPS2038297, to Jian Li Structure, which was in effect from July 14, 2014 to July 14, 2015 (the "Policy"). (*Id.* ¶ 8; Jian Li Structure, Scottsdale Insurance Policy dated July 14, 2014—July 14, 2015 ("Policy"), attached as Ex. A to TAC, Dkt. No. 27). The aggregate limit of liability on the Policy is $2,000,000. (Policy at 13).

"On various dates in 2015 and 2016," Y & I 168, LLC ("Y & I") and Church of Grace presented to Scottsdale, as Jian Li Structure's insurer, a notice of claims for damage to third-party real property (the "Notice of Claims" or "Notice"). (TAC ¶¶ 9–10). Y & I's Notice of Claims was based on Jian Li Structure's breach of a contract for demolition and construction of a church at properties on Corona Avenue in Queens. (*Id.* ¶¶ 9, 11–13; Decl. of Pamela Downey in Supp. Scottsdale's Mot. for a Default J. Against Jian Li dated Nov. 25, 2019 ("Downey Decl."), attached to Mot. for a Default J. dated Feb. 5, 2020 ("Mot."), Dkt. No. 52 ¶¶ 10–11; Agreement Between Church of Grace & Jian Li Structure dated 2007, attached as Ex. M. to Downey Decl., Dkt. No. 52).

Scottsdale acknowledged and investigated the claims in Y & I's Notice and disclaimed coverage. (TAC ¶¶ 14–15). In particular, Nationwide E&S/Specialty Claims ("Nationwide"), which investigates claims made against policies issued by Scottsdale, conducted an inquiry based on the Notice. (Downey Decl. ¶¶ 2, 4, 8–9). Jian Li Structure did not cooperate with the investigation; Scottsdale and Nationwide unsuccessfully attempted to contact it via letter, email, and telephone calls. (TAC ¶¶ 28–30; Downey Decl. ¶¶ 29–32). Nationwide authorized an engineering inspection of the properties in question and the preparation of engineering reports. (Downey Decl. ¶ 36). Jian Li Structure did not respond to requests for information or documents in connection with the engineering reports. (TAC ¶ 30; Downey Decl. ¶ 39–40).

2

Before Scottsdale issued its final coverage position, Church of Grace commenced a New York state court case on April 17, 2017 because of a "myriad of construction defects related to a building" Jian Li Structure had built (the "Underlying Action" or "Action"). (Downey Decl. ¶¶ 17–19; *see also* Compl. dated Apr. 17, 2017 ("Underlying Compl."), attached as Ex. B to the Downey Decl., Dkt. No. 52). The complaint in the Underlying Action was based on the same allegations as those in Y & I's Notice of Claims, including that Jian Li Structure's work was negligent and grossly negligent and amounted to a breach of its duty of care to Church of Grace. (Downey Decl. ¶ 17–19; *see* Underlying Compl.).

On June 14, 2017, Scottsdale agreed to defend Jian Li Structure in the Underlying Action subject to a reservation of rights. (TAC ¶ 21). On February 2, 2018, Scottsdale "disclaimed any duty to defend or indemnify" Jian Li Structure. (*Id.* ¶ 22).

"To judicially confirm its disclaimer, Scottsdale commenced the instant declaratory judgment action on March 21, 2018." (*Id.* ¶ 23; *see* Compl. dated Mar. 21, 2018, Dkt. No. 1). Scottsdale intended to name Jian Li Structure as a Defendant in this federal action, but actually sued Jian Li Construction, Inc. ("Jian Li Construction"), (Compl. ¶ 2); it referred to Jian Li Construction in its pleadings and filings until its Third Amended Complaint. (*See* TAC at 1).

On April 9, 2018, Scottsdale amended its complaint for the first time, adding Church of Grace as the second Defendant with Jian Li Construction. (Am. Compl. dated Apr. 9, 2018, Dkt. No. 8 ¶ 3).

The Underlying Action was discontinued without prejudice on July 11, 2018, (TAC ¶ 24). Upon information and belief, it "was discontinued so that issues of whether Scottsdale has any coverage obligations concerning the events alleged in the Underlying

3

Action could be adjudicated first." (TAC ¶ 24–25; *see* Downey Decl. ¶ 26 ("Upon information and belief, the Underlying Action was discontinued so that the instant action could resolve first whether there is coverage under the Scottsdale Policy for the claims asserted in the Underlying Action."). A stipulation was filed in the Underlying Action signed by counsel for Church of Grace and Jian Li Structure. (Stip. of Discontinuance Without Prejudice dated June 22, 2018 ("Underlying Stip."), attached as Ex. C to TAC, Dkt. No. 27 at 1). The text of the stipulation states, in its entirety:

> IT IS HEREBY STIPULATION [sic] AND AGREED, by and between the undersigned, the attorneys of record for all the parties to the above entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above entitled action be and the same is discontinued without prejudice and without costs to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.
>
> IT IS FURTHER STIPULATION [sic] AND AGREED, this stipulation may be executed by e-mail and electronic signatures shall be deemed original for the purposes of filing.

(*Id.* (emphasis removed)).

Y & I's Notice of Claims was not withdrawn despite the discontinuance of the Underlying Action. (TAC ¶ 26). Scottsdale alleges

> [a]ccordingly, even in the absence of the Underlying Action, there remains a real and justiciable controversy appropriate for resolution in this declaratory judgment action, which is whether the Policy must respond to third-party property damage and contractual liability claims reportedly caused by Jian Li [Structure]'s construction activities at the Site.

(*Id.* ¶ 27; Downey Decl. ¶¶ 27–28).

As of August 10, 2018, Jian Li Structure dissolved as a business entity. (TAC ¶ 31; Downey Decl. ¶ 33; Jian Li Structure Inc. New York State Entity Information dated Nov. 8, 2019 ("Entity Info."), attached as Ex. G to Downey Decl., Dkt. No. 52 at 1). "Upon

4

information and belief, Jian Li [Structure]'s principal left the United States." (Downey Decl. ¶ 34; TAC ¶ 31).

On November 16, 2018, Scottsdale requested leave to file another amended complaint to update its allegations in light of the discontinuance of the Underlying Action, on which this federal declaratory judgment action was based. (Letter Mot. for Extension of Time to Amend Compl. dated Nov. 16, 2018, Dkt. No. 21 at 1). The motion was granted, (Order dated Nov. 26, 2018), and a Second Amended Complaint was filed, (Second Am. Compl. dated Dec. 14, 2018, Dkt. No. 23). The Second Amended Complaint named Jian Li Construction and Church of Grace as Defendants, (*id.* at 1), and attached the stipulation of discontinuance filed in the Underlying Action, (*see id.* ¶ 24; Underlying Stip. at 1).

On January 28, 2019, Scottsdale requested leave to file a third amended complaint to correct "Jian Li Construction" to "Jian Li Structure," (Letter Mot. for Extension of Time to Amend dated Jan. 28, 2019); the motion was granted, (Order dated Jan. 29, 2019), and the Third Amended Complaint was filed, (*see* TAC).

The Third Amended, and operative, Complaint alleges that Scottsdale has no duty to indemnify Jian Li Structure under the Policy for the claims in Y & I's Notice under several theories, including that Jian Li Structure breached material obligations owed to Scottsdale and that the claims are not covered, and even if they were within the bounds of coverage, the claims fall into a number of exclusions under the Policy. (TAC ¶¶ 36, 42, 47–48, 53–55, 62–64, 70–72, 77–79, 84–86, 89–91, 97–99). Thus, Scottsdale demands:

> (1) On the First Cause of Action [for Breach of Duty to Cooperate], . . . a declaration that Jian Li [Structure] has breached material obligations owed to Scottsdale and, as a result, Scottsdale has no duty

5

> to indemnify Jian Li [Structure] under the Policy for the Pre-Suit Claims; [and]
>
> (2) On the Second through the Ninth Causes of Action [for certain limitations and exclusions], . . . a declaration that Scottsdale has no duty to indemnify Jian Li [Structure] under the Policy for the Pre-Suit Claims, as the claims are not covered[.]

*Id.* at 16. Scottsdale's declaratory judgment request is limited to indemnity—it does not seek a declaratory judgment regarding any duty to defend Jian Li Structure, despite alleging that it disclaimed both duties and its reason for filing this suit was in part, "[t]o judicially confirm its disclaimer" of either duty. (*See* TAC ¶¶ 22–23).

On March 7, 2019, Scottsdale filed proof of service of the summons and Third Amended Complaint on Jian Li Structure. (Summons Returned Executed dated Feb. 22, 2019, Dkt. No. 33). Service was effectuated on Jian Li Structure on February 15, 2019 via the New York State Secretary of State. (*Id.*). When Jian Li Structure did not respond, Scottsdale requested a certificate of default, (Req. for Certificate of Default dated Mar. 29, 2019, Dkt. No. 34), and the Clerk of Court granted the request, (Clerk's Entry of Default dated Apr. 1, 2019, Dkt. No. 35).

On September 5, 2019, Scottsdale informed the Court that it intended to file a motion for default judgment against Jian Li Structure as to the allegations in the Third Amended Complaint. (Mot. to Amend/Correct/Suppl. dated Sept. 5, 2019, Dkt. No. 42 at 1). On September 20, 2019, the Court set a deadline of November 19, 2019 for the filing of the motion for default judgment. (Order dated Sept. 20, 2019).

Scottsdale filed a motion for default judgment on November 25, 2019. (Mot. for Default J. dated Nov. 25, 2019, Dkt. No. 44). The motion, however, referred to Jian Li Construction, not Jian Li Structure. (*See id.* at 1). After a status conference, Scottsdale agreed to withdraw the pending default judgment motion and file a new, corrected

6

motion. (*See* Min. Entry & Order dated Dec. 6, 2019; Letter Withdrawing Default J. Mot. dated Dec. 10, 2019, Dkt. No. 48 at 1).

On January 17, 2020, the Court so-ordered a stipulation of dismissal as to Church of Grace and dismissed it as a party. (Order dated Jan. 17, 2020; Stip. to Dismiss a Party Under Rule 41(a)(2) dated Jan. 16, 2020, Dkt. No. 50).

On February 5, 2020, Scottsdale filed the present motion seeking the entry of a default judgment on Scottsdale's declaratory judgment claim in the Third Amended Complaint. (Mot. at 1–2). The motion seeks a declaration that there is no coverage for Jian Li Structure on the Policy based on its alleged failure to construct a church pursuant to the contract with Church of Grace. (*See id.* at 1–2; *see also* Proposed Order of Default J. dated Feb. 5, 2020, attached as Ex. Q to the Mot., Dkt. No. 52 at 1–2).[1]

DISCUSSION

"[I]t remains a 'fundamental precept' that 'federal courts are courts of limited jurisdiction' and '[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.'" *United States ex rel. Hanks v. United States*, 961 F.3d 131, 137 (2d Cir. 2020) (second alteration in original) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As such, courts "first must resolve . . . threshold questions concerning [their] subject matter jurisdiction." *F5 Cap. v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017). "Federal courts have a

---

[1] Jian Li Structure's dissolution "does not affect a corporation's amenability to service of process," N.Y. Bus. Corp. Law § 1006(4), and "[v]alid service may be effectuated on a dissolved corporation by serving the New York Secretary of State." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895-LDH-SJB, 2018 WL 3742696, at *3 (E.D.N.Y. May 18, 2018) (citing *Ortiz v. Green Bull, Inc.*, No. 10-CV-3747, 2011 WL 5553834, *3 (E.D.N.Y. Nov. 14, 2011)), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 156601, at *1 (Sept. 12, 2018).

duty to inquire into their subject matter jurisdiction *sua sponte*, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014).

The subject matter jurisdiction of federal courts only extends to justiciable "Cases" or "Controversies." U.S. Const. art. III, § 2. "In order to qualify as a justiciable 'case or controversy' under Article III, '[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (alteration in original) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41 (1937)), *aff'd*, 568 U.S. 85 (2013). "The 'case or controversy' requirement is not satisfied by a 'difference or dispute of a hypothetical or abstract character.'" *Id.* (quoting *Haworth*, 300 U.S. at 240).

"The Declaratory Judgment Act permits a district court, '[i]n a case of actual controversy within its jurisdiction,' to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353 (2d Cir. 2020) (per curiam) (alteration in original) (quoting 28 U.S.C. § 2201(a)). "'[T]he phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III' of the Constitution." *Id.* (alteration in original) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Those words "limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). And

> [a]n action seeking declaratory relief satisfies the case-or-controversy requirement . . . if the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests" and is "real and

> substantial," such that it "admit[s] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

*Saleh*, 957 F.3d at 353–54 (quoting *MedImmune*, 549 U.S. at 127).

This is a jurisdictional requirement, and as such, the "party seeking a declaratory judgment bears the burden of proving the district court has jurisdiction." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (per curiam). Insurance coverage litigation often involves an insurer seeking a coverage declaration based on some future, contingent event. "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (quotations omitted). But the fact that "the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action," and courts "should focus on the practical likelihood that the contingencies will occur." *E.R. Squibb & Sons*, 241 F.3d at 177 (quoting *Associated Indem. Corp.*, 961 F.2d at 35). For example, "[w]here 'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.'" *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 415 F. App'x 264, 267 (2d Cir. 2011) (quoting *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.,* 24 F.3d 427, 431 (2d Cir. 1994)) (second internal quotation marks omitted).

Where, as here, the party seeks only a declaration regarding indemnity obligations, jurisdiction is often lacking. For one thing, "courts generally decline to award declaratory relief in indemnification actions . . . before any underlying suit has been filed." *Solow Bldg. Co. v. ATC Assocs., Inc.*, 388 F. Supp. 2d 136, 139 (E.D.N.Y. 2005) (citing *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580 (7th Cir. 2003)).

Even when there is an underlying suit filed, "claims involving indemnification obligations are not justiciable until liability has been imposed upon the party to be indemnified." *U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F. Supp. 3d 313, 318–19 (E.D.N.Y. 2018) (collecting cases);[2] *see also Pac. Emps. Ins. Co. v. Saint Francis Care Inc.*, 729 F. App'x 129, 130 (2d Cir. 2018) ("Generally, because a duty to indemnify is based on the facts established at trial and the theory under which judgment is actually entered in a case, it is often premature to issue a declaratory judgment as to the duty to indemnify before the basis for liability is established." (quotations and citations omitted)).

There is no live case or controversy here. There is no pending case against the insured, Jian Li Structure, from which the insurer, Scottsdale, may have an indemnification obligation. The Underlying Action was dismissed. (Underlying Stip. at 1). And although the dismissal was without prejudice, the suit has not been reinitiated in the two years since the dismissal. There is little to no chance that the suit would be initiated—Church of Grace would be suing a nonexistent entity. Jian Li Structure has been dissolved. (TAC ¶ 31; Downey Decl. ¶¶ 33; Entity Info. at 1). With little possibility that Church of Grace would sue Jian Li Structure, there is also little possibility that Jian Li Structure would reassert any claim for indemnity.

---

[2] Indemnity may be justiciable where there has been no underlying judgment, so long as there are no facts in controversy in the underlying state litigation. *U.S. Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 346 n.17 (E.D.N.Y. 2018) ("The Court finds the indemnification claim ripe for adjudication as there is a 'practical likelihood' that [the insured] will be held liable in the [underlying action]. [The injured party] has already filed an action against [the alleged insured]. In addition, the indemnification claim does not rely on any facts to be determined in the underlying action. As a result, there are no ripeness concerns in adjudicating the indemnification claim."). But this is an exception, not the rule, and not the case here.

In addition, were Church of Grace to sue Jian Li Structure, Jian Li Structure could not then sue Scottsdale. A dissolved corporation may initiate a lawsuit, but only until its affairs are "fully adjusted" and "wound up." *See Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710, 715–16 (2d Cir. 2017) ("[T]he dissolved corporation exists for 'the purpose of and for as long as is necessary to satisfy and provide for its debts and obligations and it may sue or be sued on these obligations *until its affairs are fully adjusted.*'" (quoting *Rodgers v. Logan*, 121 A.D.2d 250, 253 (1st Dep't 1986) (emphasis added)). Jian Li Structure's principal has left the United States indefinitely. (*See* TAC ¶ 31; Downey Decl. ¶ 34). Church of God has not initiated another lawsuit, and Jian Li Structure has not made any appearance in this litigation since it began in 2018. These circumstances suggest Jian Li Structure is not likely to commence any action against Scottsdale on the merits of a Policy indemnification claim. *Cf., e.g., Wolcott v. Ginsburg*, 746 F. Supp. 1113, 1121 (D.D.C. 1990) ("Since [the dissolved partnership] is no longer in existence . . . it is unlikely that defendants will be subject to any serious threat of future claims brought by or on behalf of the corporation."); *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009) (per curiam) ("[The defendant] is dissolved and has no assets. We doubt that [the plaintiff] would be eager for the chance to procure blood from a stone."). Thus, because "there is no underlying lawsuit, [and] no threat of a suit," "any ruling based on a hypothetical future claimant is premature." *Solow Bldg. Co.*, 388 F. Supp. 2d at 139; *e.g., U.S. Underwriters Ins. Co.*, 321 F. Supp. 3d at 319 ("[N]ot only is the issue of liability against Bangiyev unresolved, it is also unclear whether Orion will ever have to face a claim for indemnification by the Bayot Defendants. Accordingly, U.S. Underwriters' requests for a declaratory judgment

11

regarding its indemnification obligations as related to the Bayot Defendants and Bangiyev are not ripe for adjudication.").

Quite separately, even if there were some greater than remote possibility of suit by Church of Grace against Jian Li Structure, Scottsdale's suit would still not present a case or controversy because no judgment triggering the indemnity obligation has been entered. Unlike for a defense obligation, without resolution of the dispute that requires an insurer to indemnify an insured, there is no jurisdiction for a declaratory judgment action. *See U.S. Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 345 n.17 (E.D.N.Y. 2018); *e.g.*, *Am. Empire Surplus Lines Ins. Co. v. EM & EM Chimney & Masonry Repair, Inc.*, No. 16-CV-1541, 2017 WL 4118390, at *6 (E.D.N.Y. Aug. 30, 2017) (recommending denial of insurer's request for declaratory relief on default where no liability had been imposed or pending action filed against the insured), *report and recommendation adopted*, 2017 WL 4119266 (Sept. 15, 2017); *FSP, Inc. v. Societe Generale*, No. 02-CV-4786, 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003) ("The subject action is not justiciable to the extent it seeks a declaration regarding defendant's obligation to defend and indemnify plaintiff with regard to potential, unfiled claims, and seeks reimbursement for losses arising from the eight filed actions and future, anticipated claims. . . . Claims concerning indemnification obligations . . . are not ripe for adjudication until liability has been imposed upon the party to be indemnified."), *aff'd and remanded on other grounds*, 350 F.3d 27 (2d Cir. 2003).

Scottsdale's arguments and pleadings to the contrary are without merit. Scottsdale first contends that the Underlying Action was dismissed to allow the insurance issues to be resolved. (*See* TAC ¶ 25; Downey Decl. ¶ 26). That is not sufficient to confer jurisdiction, since parties cannot agree to create a case or

controversy or to confer jurisdiction upon a federal court. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir. 1998) ("[N]o amount of agreement by the parties can create jurisdiction where none exists."). In any event, the stipulation of dismissal says nothing to suggest that the Action was dismissed so this Court could resolve indemnity issues. (Underlying Stip. at 1). It is a plain-vanilla stipulation of dismissal that does nothing more than close the state case.

Scottsdale then argues because Y & I's Notice (on behalf of Church of Grace) was never withdrawn, there is a real controversy present. Not so. For one thing, absent a lawsuit against Jian Li Structure, Y & I would have no ability to pursue Scottsdale for any insurance payments owed by Scottsdale to Jian Li Structure. Furthermore, the Notice was sent to Scottsdale prior to initiation of the Underlying Action, (*see* Downey Decl. ¶ 10 ("Nationwide received [Y & I's Notice of] Claims on various dates in 2015 and 2016[.]"); Underlying Compl. at 1 (dated April 17, 2017)), which has now been dismissed, (Underlying Stip. at 1 (dated June 22, 2018)), and Y & I has taken no steps in the two years since the dismissal to reassert the Notice. "If there is no pending claim between [plaintiff] and [insured], it cannot be said that [insured] seeks to recover under the Policy [with the insurer]." *U.S. Underwriters Ins. Co.*, 321 F. Supp. 3d at 317.

In any event, the Notice itself would not create a case or controversy to decide an indemnity obligation. For a third-party like Y & I to recover insurance proceeds from a tortfeasor's insurer (Scottsdale), it "must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30

days."[3] *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 354 (2004) (citing N.Y. Ins. Law § 3420); *Green v. First Liberty Ins. Corp.*, 321 F. Supp. 3d 368, 370 (E.D.N.Y. 2018) ("Under the common law, a tort victim had no right of action against a tortfeasor's liability insurer, because the two were not in privity of contract. . . . New York . . . ha[s] softened this prohibition on direct actions by permitting a tort victim to sue the alleged tortfeasor's liability insurer, provided that, among other things, the victim first obtains a judgment against the tortfeasor." (citing N.Y. Ins. Law § 3420)). Without a lawsuit against Jian Li Structure, Y & I could not obtain a judgment that it could then enforce against Scottsdale. The theoretical possibility of such a future lawsuit, followed by a hypothetical judgment against Jian Li Structure, is not enough to create a live case or controversy. *See, e.g.*, *Am. Exp. Bank Ltd. v. Banco Español de Crédito, S.A.*, 597 F. Supp. 2d 394, 406 (S.D.N.Y. 2009) (finding no live controversy where the request for declaratory relief "ask[ed] the Court to assume that" another court would rule in one party's favor and "trigger[ ] a corresponding duty on the part of" that party and explaining that, "in view of these multiple contingencies, the disagreement . . . ha[d] not yet 'taken on [a] fixed and final shape so that [the] court c[ould] see what legal issues it [wa]s deciding, what effect its decision w[ould] have on the adversaries, and some useful purpose to be achieved in deciding them." (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244 (1952)).

---

[3] In this diversity action, New York law applies to claims regarding the insurance policy. Scottsdale issued the Policy to Jian Li Structure, a New York corporation that had its principal place of business in New York. (TAC ¶¶ 3, 5, 8; Entity Info.). The Policy was brokered by an insurance agent also based in New York. (Policy at 3 (noting the agent's address in Uniondale, New York)). The Policy also contains endorsements to conform to New York law.

Given the dismissal of the Underlying Action, the passage of time, and the absence of a judgment triggering an indemnity obligation, there is no live case or controversy that would entitle Scottsdale to a declaratory judgment. *See, e.g.*, *Acuity v. Exceptional Pros., Inc.*, No. 08-CV-3374, 2010 WL 11508580, at *1 (W.D. Mo. Feb. 3, 2010) ("At the time Plaintiff filed this declaratory judgment action there was a pending controversy in the state court . . . . However, the state action has now been dismissed . . . . Federal jurisdiction is not created by a previously existing dispute. With no pending underlying lawsuit, no immediate request for a defense, and no present threat of litigation, there is no longer a substantial controversy of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (quoting *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993)).

But "[e]ven if a case presents an active controversy, however, the court has discretion to decline to exercise its jurisdiction under the Declaratory Judgment Act." *See Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 260 (S.D.N.Y.), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013). In deciding whether to exercise jurisdiction, a court must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *SR Int'l Bus. Ins. Co. v. Allianz Ins. Co.*, 343 F. App'x 629, 632 (2d Cir. 2009) (quoting *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005)).

To enter a declaratory judgment now would require assuming certain facts about the events that led to Church of Grace's suit and whether those facts placed Jian Li Structure outside of the protections of the Policy and indemnity benefit. But if the

15

Underlying Action were resuscitated, such facts would actually be litigated in the suit between Church of Grace and Jian Li Structure, which would force this Court to evaluate again whether the indemnity obligation was triggered and whether its initial decision was correct. In other words, any determination now about the rights of Jian Li Structure and Scottsdale would not settle or clarify the relations between the two parties and be nothing more than a waste of time and resources. *See, e.g.*, *Spirit Realty, L.P. v. GH & H Mableton, LLC*, 227 F. Supp. 3d 291, 299 (S.D.N.Y. 2017) ("Both parties thus agree (1) that Spirit Realty is not currently liable to GH & H; (2) that it could be liable to GH & H in another set of circumstances; and (3) on the terms under which Spirit Realty would become liable to GH & H. Thus, a declaratory judgment at this stage would not settle a controversy between the parties nor would it serve a 'useful purpose' in clarifying the legal relations in issue.").

Therefore, the motion for default judgment should be denied and the Third Amended Complaint should be dismissed without prejudice. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 676 (2d Cir. 1996) ("[W]e hold that dismissal of the complaint without prejudice is the correct disposition of the action. This leaves open the possibility that at some future time a more complete development of the facts might lead to a different result. Should such development lead to further litigation, the district court then can resolve the issues of jurisdiction[.]"). And because the complaint would be dismissed, the Court also recommends the entry of default be vacated.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Scottsdale's motion for default judgment be denied, the entry of default as to Jian Li Structure be vacated, and the Third Amended Complaint be dismissed without prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

SO ORDERED.
*/s/ Sanket J. Bulsara* August 28, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York